IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:18-cr-00142-MO |
| SHAYNE KNISS, | OPINION AND ORDER |
| Defendant. | |

MOSMAN, J.,

This case comes before me on Defendant Shane Kniss's Motion to Reduce Sentence [ECF 34]. Specifically, Mr. Kniss moves the court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Mot. to Reduce Sentence [ECF 34] at 1. Mr. Kniss is serving a 36-month sentence for wire fraud. J. & Commitment [ECF 30] at 1–2. He is incarcerated at Great Plains CI and is set to be released on October 26, 2021. I DENY Mr. Jackson's motion for the following reasons.

## DISCUSSION

Compassionate release is a statutory exception to the rule that a court may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). Upon a proper motion, the court may reduce a term of imprisonment if, after considering applicable factors set forth in § 3553(a), the court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the Sentencing

1 – OPINION AND ORDER

Commission." 18 U.S.C. § 3582(c)(1)(A).[1] Mr. Kniss argues that several extraordinary and compelling reasons warrant a reduction in his sentence.

First, Mr. Kniss claims that he is at heightened risk of serious illness from COVID-19. Mr. Kniss is a 45-year-old inmate at Great Plains CI, which is currently reporting one confirmed case of COVID-19 among its inmate population. *See* COVID-19 Cases, BOP, https://www.bop.gov/coronavirus/ (click "Full breakdown and additional details …"; then click "privately managed prisons") (Oct. 16, 2020). Mr. Kniss suffers from high cholesterol, anxiety, and depression.[2] According to the Centers for Disease Control and Prevention ("CDC"), the following serious heart conditions increase the risk of severe illness from COVID-19: heart failure, coronary artery disease, cardiomyopathies, and pulmonary hypertension. People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/ (click "People with Medical Conditions") (Oct. 16, 2020). The CDC recommends managing these heart conditions in part by taking the appropriate medication for high cholesterol. *Id.* But high cholesterol does not appear to be a significant risk factor in and of itself. The same is true of anxiety and depression. Considering the totality of the circumstances before

---

[1] A defendant must exhaust administrative remedies before moving the court for compassionate release. 18 U.S.C. § 3582(c)(1)(A). Mr. Kniss asserts that he does not have any administrative remedies to exhaust, since he is incarcerated outside of BOP custody. Mot. to Reduce Sentence [ECF 34] at 11. The Government does not challenge this assertion. Thus, I consider the merits of Mr. Kniss's motion. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020) (holding that the compassionate release exhaustion requirement is a non-jurisdictional claim-processing rule that can be waived).

[2] At times in his briefing, Mr. Kniss seems to suggest that I should consider whether obesity is a risk factor for serious COVID-19-related illness. *See, e.g.*, Reply [ECF 42] at 2–3. However, Mr. Kniss expressly states that he "currently believes he is no longer obese." Mot. to Reduce Sentence [ECF 34] at 2. Accordingly, I do not consider what effect, if any, obesity would have on Mr. Kniss's risk of serious illness.

2 – OPINION AND ORDER

me, I do not find Mr. Kniss's medical condition to constitute an extraordinary and compelling reason for a sentence reduction.

Related to his first point, Mr. Kniss argues that private prisons are particularly dangerous places at which to be incarcerated and ill during the current pandemic. But lacking a serious medical condition that increases his risk of severe illness from COVID-19, Mr. Kniss can do no more than wage a generalized attack against private prisons, and he fails to show why he in particular should be granted compassionate release.

Finally, Mr. Kniss claims that his wife and stepchildren face significant hardships, which could be alleviated by his release from prison. Family circumstances may constitute an extraordinary and compelling reason for a sentence reduction. U.S.S.G. § 1B1.13, cmt. n.1(C). For instance, if a defendant's spouse, due to incapacitation, can no longer take care of herself and the defendant is the only available caretaker, then a sentence reduction may be appropriate. U.S.S.G. § 1B1.13, cmt. n.1(C)(ii). Mr. Kniss's family circumstances, however, do not constitute an extraordinary and compelling reason.

I am sympathetic to the significant hardships faced by Mr. Kniss's wife and stepchildren. But Mr. Kniss fails to show that his wife is incapacitated or that he is the only available caregiver. Indeed, Mr. Kniss notes that he faces a "near certain deportation to Canada" upon release. Mot. to Reduce Sentence [ECF 34] at 3. His wife, whom he married while in prison, lives in Georgia. *Id.* at 6–8. Thus, it is unclear when Mr. Kniss would be able to assist with day-to-day care. Without the opportunity to be physically present, Mr. Kniss primarily argues that he would be able to provide financial support upon release, something that is true for most inmates with a spouse and children. It is undoubtedly difficult for a family when one parent goes to prison, and that is particularly true right now with COVID-19 disrupting jobs and childcare. But

3 – OPINION AND ORDER

considering the totality of Mr. Kniss's situation, I do not find that his family circumstances are an extraordinary and compelling reason for a sentence reduction.

In sum, I do not find that extraordinary and compelling reasons warrant a reduction in Mr. Kniss's term of imprisonment. Thus, Mr. Kniss does not meet the criteria for a sentence reduction, and I deny his motion.

## CONCLUSION

For the foregoing reasons, I DENY Mr. Kniss's Motion to Reduce Sentence [ECF 34]. IT IS SO ORDERED.

DATED this 21 day of October, 2020.

MICHAEL W. MOSMAN
United States District Judge

4 – OPINION AND ORDER